## FRANK OCKENFELLS v. JOHN A. MOELLER.

*Practice in circuit courts—Instruction as to amount of recovery—Justice's judgment—Appeal—Evidence.*

1.  Where upon the testimony in a case, if the plaintiff is entitled to recover at all, the amount of such recovery is a sum certain, it is not error for the court to so instruct the jury.

2.  A justice's judgment which is appealed from is not evidence of what the plaintiff claims on the trial of the appeal.

Error to Wayne.   (Hosmer, J.)   Argued January 22, 1890.   Decided January 24, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Theodore S. Trombly,* for appellant.

*Peter E. Park,* for plaintiff.

[No authorities cited by counsel.—REPORTER.]

CHAMPLIN, C. J. This suit was commenced in justice's court, and the declaration was upon the common counts in *assumpsit;* the plaintiff claiming damages of $300 or under. The defendant did not appear before the justice, and the plaintiff rcovered a judgment of $30 and costs. Defendant appealed.

In the circuit court, plaintiff claimed under a special contract fully performed upon his part, and introduced testimony tending to prove that he entered into an agreement with defendant to sell or find a purchaser for defendant of two city lots owned by defendant, for which service the defendant agreed to pay him all over $475 which the purchaser would pay for the lots; that he found and sent to defendant a purchaser who purchased the lots of defendant, and who paid him therefor $525. This testimony was the only foundation shown or relied on for recovery. The defendant introduced testimony tending to prove that he made no such agreement. The controversy was narrowed to questions of fact, and the result depended entirely upon the credit which the jury should extend to the respective witnesses.

During the introduction of defendant's testimony, the attorney for the defendant said: "I would like to introduce in evidence the return on appeal." To which the court replied: "Very well." It was not, however, introduced at this time; and at the close of the examination of the witnesses the attorney for plaintiff objected to the

return being offered in evidence. The court remarked:

"It don't make any difference what the judgment was below. I do not think the judgment below is evidence of what the plaintiff claims."

No exception was taken to the ruling of the court. The court did not err. If he did, no error can be assigned upon the ruling of the court unless an exception is taken to such ruling. This disposes of the second assignment of error.

The third assignment of error is based upon the following portion of the charge of the court to the jury:

"This is a very simple issue. The plaintiff in this case claims that the defendant told him, if he would find a purchaser for two lots that he (the defendant) owned, that he would give him all that the lots brought over and above $475. Now, gentlemen of the jury, if you find that such was the fact, if you find that arrangement existed, and after that arrangement the lots were sold,— and there is no question but what they were sold for $525,—then you will find a verdict in this case for the plaintiff for $50."

The portion of the charge to which exception is taken must be considered with the context, and the whole charge must be considered together. The court stated to the jury the respective claims of the parties, and said:

"It comes down, really, gentlemen of the jury, to a question of fact between the parties."

He also instructed them that the plaintiff was bound to make out his case by a preponderance of testimony, and added:

"If you find a verdict for the plaintiff, as I said before, it should be for the sum of $50. If you do not find a verdict for the plaintiff, you will find simply a verdict for the defendant generally."

Under the testimony, if the plaintiff was entitled to recover at all, he was entitled to recover $50. It was not error for the circuit judge to so instruct the jury.

The remaining error assigned is to the refusal of the court to direct a verdict for the defendant at the close of the plaintiff's case. This request was properly refused. Judgment is affirmed.

The other Justices concurred.